**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LANCE VERDIN** | **CIVIL ACTION** |
| | **NUMBER:** |
| **VERSUS** | **SECTION:** |
| **EXPRESS ENERGY SERVICES OPERATING L.P., INC., SEAQUEST DIVING LLC, and MONTCO OFFSHORE, INC.** | **MAGISTRATE:** |

**SEAMAN'S COMPLAINT**
**FOR DAMAGES**

    **NOW INTO COURT**, through undersigned counsel, comes Lance Verdin ("Plaintiff" hereinafter), a person of the full age of majority and a resident and citizen of Terrebonne Parish, Louisiana, who with respect and upon information and belief, does allege and aver as follows:

I.

Made defendants herein are:

    a.    Express Energy Services Operating, Inc., corporation organized under the laws of a state other than Louisiana, present in and doing business in the Eastern District of Louisiana;

    b.    Seaquest Diving, L.L.C., a corporation organized under the laws of the state of Louisiana, present in and doing business in the Eastern District of Louisiana; and

1

c.    Montco Offshore, Inc., a corporation organized under the laws of the state of Louisiana, present in and doing business in the Eastern District of Louisiana.

II.

The subject matter jurisdiction of this Honorable Court is founded on 46 U.S.C. §688, otherwise known as the Jones Act, on the general maritime law, on 43 U.S.C. § 1333(a)(1), otherwise known as the Outer Continental Shelf Lands Act, and on 28 U.S.C.§§1331,1333 and 1367. Plaintiff designates this as a claim within the admiralty and maritime jurisdiction of this Honorable Court, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

III.

Venue is proper in this Honorable Court under 28 U.S.C. §§ 1391(b); 1391(c).

IV.

At the times material hereto Plaintiff was an employed by Energy Express Operating, Inc. (hereinafter "Energy Express") as a seaman and member of the crew of the L/B MYRTLE, a vessel operating upon navigable waters.

V.

At the times material hereto, Seaquest Divers, LLC ("Seaquest" hereafter) was a diving contractor that employed a crew of persons assigned to work aboard L/B MYRTLE.

VI.

At the times material hereto, Montco Offshore, Inc. ("Montco" hereafter) was the owner and operator of the L/B MYRTLE.

VII.

On or about July 3, 2009, while in the service of and on board the said vessel, Plaintiff sustained severe and disabling injuries to his mind and body when the top of his index finger was traumatically amputated during installation of a hot tap tool using the vessel's gear and other equipment.

VIII.

Plaintiff's injuries were a direct result of Express Energy's negligence in failing to provide him with a safe place to work, in failing to properly man, train and supervise its employees in the operation at issue, failing to provide safe and appropriate equipment; failing to properly inspect and maintain equipment, failing to abide by appropriate industry safety standards, and such other acts of negligence as will be shown at trial.

IX.

Plaintiff's injuries were a direct result of the negligence of Seaquest involving the improper and unsafe operation of equipment used in the operation by its employees, namely a "comealong," in failing to properly man, train and supervise its employees in the operation at issue, failing to provide safe and appropriate equipment; failing to properly inspect and maintain equipment, failing to abide by appropriate industry safety standards, and such other acts of negligence as will be shown at trial.

X.

Plaintiff's injuries were a direct result of the negligence of Montco involving the improper and unsafe operation of equipment used in the operation by its employees, namely the vessel's crane and a "comealong," in failing to properly man, train and supervise its employees involved  in the operation at issue, failing to abide by appropriate industry safety standards, and such other acts of negligence as will be shown at trial.

XI.

Plaintiff's injuries were furthermore a direct result of unseaworthiness of the MISS
GERT, its equipment, machinery, appurtenances and crew not being reasonably fit for normal
use, and such other items of unseaworthiness as will be shown at trial.

XII.

Plaintiff has been unable to work as a result of his injuries and Express Energy and
Montco have arbitrarily, wantonly and capriciously failed and refused to pay him maintenance
and cure and such other remedies and benefits as may be his due.

XIII.

As a result of Express Energy and Montco's failure to provide him maintenance and cure
and such other remedies and benefits as may be his due, those defendants are liable to Plaintiff
for compensatory damages caused by an aggravation of his condition, for punitive damages, and
for attorney's fees incurred by plaintiff to enforce their obligation to pay maintenance and cure.

XIV.

As a result of the injuries sustained herein, Plaintiff has been caused extreme physical,
mental and emotional pain and suffering, loss of wages, loss of life's enjoyment, medical
expenses, and such other losses as will be shown at trial.

**WHEREFORE**, plaintiff, Lance Verdin, prays that defendants Express Energy Services
Operating L.P., Inc., Seaquest Diving L.L.C. and Montco Offshore, Inc. be served with a
summons and certified copy of the instant complaint and be cited to appear and answer herein,
and after due proceedings be had, for judgment in his favor and against defendant for any and all
compensatory damages, maintenance, cure, attorneys fees, costs of these proceedings and all
other appropriate legal and equitable relief which he is due.

4

Respectfully Submitted,

/s/ Russell B. Ramsey
**RUSSELL B. RAMSEY, L.L.C.**
RUSSELL B. RAMSEY, LSBA #19441 (T.A.)
1025 Henry Clay Avenue
New Orleans, Louisiana 70118
Telephone (504) 891-6078
Email: russ2164@cox.net